HENRY HENNEY, Respondent, v. THE BROOKLYN ELEVATED RAIL-ROAD COMPANY and Another, Appellants.

*Judgment enjoining the operation of an elevated railroad — when proper.*

A judgment in an action brought to recover damages to property resulting from the construction and operation of an elevated railroad, and to restrain its operation, contained a clause enjoining the operation of the road, which clause was by the provisions thereof to become inoperative upon the payment of a certain sum of money thereby awarded. Proceedings for the condemnation of the property in question had been instituted subsequently to the commencement of the action.

*Held*, that the judgment was proper, but that it would be otherwise had the injunction been absolute and had the condemnation proceedings been instituted prior to the commencement of the action.

APPEAL by the defendants, The Brooklyn Elevated Railroad Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county

of Kings on the 27th day of January, 1893, upon the decision of the court after a trial at the Kings County Special Term.

The judgment in the action contained, substantially, the following provisions:

That the defendants, their agents and all persons claiming under them, be and they hereby are perpetually enjoined from maintaining or using the elevated structure on Hudson avenue in the city of Brooklyn in front of the plaintiff's premises.

That if the defendants shall, within twenty days after the service of a copy of the judgment, with notice of entry thereof, deliver to the plaintiff a written offer to pay to him $325 and interest, then upon the plaintiff's tender to the defendants of a duly executed conveyance to The Brooklyn Elevated Railroad Company of the easements in said premises which had been taken by the said elevated railway in Hudson avenue, Brooklyn, including the easements of light, air and access, and any right or easement whatsoever as abutting owner or otherwise, which may be subject to injury resulting from the structure of such railroad or incidental to its use, and if they pay to the plaintiff the sum of $325 and interest, the judgment shall be inoperative and void so far as it affects the maintenance and operation of such structure and railway.

That if said plaintiff omits or refuses to accept such offer or to deliver such conveyance duly executed within twenty days after such offer, the said judgment shall be inoperative and void so far as it affects the maintenance and operation of such railroad.

The supplemental answer contained the following allegation:

"Defendant alleges that since the commencement of this suit proceedings have been instituted, under the Condemnation Law, for the purpose of condemning the rights and easements, if any, in the property described in the complaint herein, which have been taken by the said elevated railroad structure."

*Wm. N. Cohen,* for the appellants.

*Stephen M. Hoye* and *Francis Russell Whitney,* for the respondent.

DYKMAN, J.:

This is an appeal from a judgment in favor of the plaintiff against the defendant.

The action was for the recovery of damages to property resulting from the construction and operation of the defendant's elevated railroad and to restrain its operation.

The trial was before a judge without a jury and we find no error in the record.

The portion of the judgment which provides for an injunction would be erroneous if it was absolute and the proceedings for the condemnation of the property had been instituted previous to the commencement of the action.

But such proceedings were instituted subsequently to the commencement of the action, and the restraining portion of the judgment will become inoperative upon the payment of the sum of money awarded.

Under such circumstances we see no reason for a reversal of the judgment.

The judgment should be affirmed, with costs.

CULLEN and PRATT, JJ., concurred.

Judgment affirmed, with costs.